**JOINT STIPULATION
OF SETTLEMENT AND RELEASE**

Subject to approval by the United States District Court for the Southern District of Ohio, (the "District Court"), Western Division, Plaintiff Pamela Illinik, individually and on behalf of all Plaintiffs, and Selective Nursing, LLC, ("Selective Nursing") agree to the terms of this Joint Stipulation of Settlement and Release.

**DEFINITIONS**

1. "Action" shall mean the civil actions in the United States District Court for the Southern District of Ohio, Western Division entitled *Pamela Illinik v. Selective Nursing, LLC,* Case No. 3:19-cv-00093.

2. "Plaintiffs' Counsel" shall mean Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC.

3. "Representative Plaintiff" shall mean Pamela Illinik.

4. "Plaintiffs" shall include Representative Plaintiff and the six (6) Opt-In Party Plaintiffs listed in Appendix 1.

5. "Defendant" shall mean Selective Nursing, LLC, all of their former, current and respective officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

6. "Parties" shall mean Plaintiffs and Defendant, and "Party" shall mean any one of the Parties.

7. "Released Period" for Plaintiffs shall mean the period of three years prior to the date the Action was filed through and including the date on which the Court gives approval of the Settlement.

8. "Final" shall mean the date the District Court has approved the Settlement.

9. "Settlement" shall mean this Joint Stipulation of Settlement and Release.

**RECITALS**

10. On April 1, 2019, Plaintiff Pamela Illinik initiated this collective action against Selective Nursing, LLC as a result of allegations that Defendant's practices and policies of not paying its non-exempt LPNs and home health aides, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rates of pay for the hours they worked over 40 each workweek, was a violation of the Fair Labor Standards Act ("FLSA"), 29 U.SC. 201-219. Plaintiff's claims also included a "class action" pursuant to Fed. R. Civ. P. 23 to remedy alleged violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

11. In the Action, Plaintiff alleged Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiffs and other similarly situated employees overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek and for failing to pay for work performed between client appointments. Specifically, Plaintiffs alleged claims that they and other similarly situated employees were only paid straight time for the hours they worked over 40 each workweek, instead of overtime compensation at the rate of one and one-half their regular rate of pay and that they were not paid for travelling between client appointments during the day.

12. Plaintiff believes that the Action is meritorious based on the alleged violations of the FLSA, and that the Action is appropriate for collective treatment. Defendant denies Plaintiffs' allegations. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiff and Opt-In Plaintiff were entitled to the claimed overtime compensation under the FLSA, whether the two-year or three-year statute of limitations applies and whether Defendant acted in good faith in failing to pay the alleged overtime compensation.

13. The Parties reached the proposed Settlement in the matter after extensive good faith bargaining, which occurred during the period May 2019 and August 2020. On August 17, 2020, the Parties reached a binding agreement to settle the Action on the terms set forth in this Settlement.

14. Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of Plaintiffs' claims against Defendant, including reviewing relevant documents, and researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances. *See* Exhibit 2.3

15. Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiffs' claims in the Action have merit or that Defendant has any liability o Plaintiff on those claims.

## SETTLEMENT PAYMENTS

16. **Total Settlement Amount:** Defendant will pay in connection with the Settlement a Total Settlement Amount of Thirty-Five Thousand Dollars ($35,000.00) which sum will cover (a) all of the Individual Payments to Plaintiffs; and (b) Plaintiffs' Counsel's attorneys' fees and expenses.

17. **Payments to Plaintiffs:** Nineteen Thousand Four Hundred Ninety-One Dollars ($19,491.00) of the Total Settlement Amount will be paid to Plaintiffs in the amounts provided in Appendix 1.

18. **Calculation of Individual Payments**: The Individual Payments have been calculated by Plaintiffs' Counsel and are based on each Plaintiffs' overtime damages during the Released Period, according to Defendant's records.

19. **Treatment of Plaintiffs' Settlement Payments**: Plaintiffs' Individual Payments will be treated as payment in settlement of wage claims and shall be subject to the withholding of all applicable federal, state and local taxes. Defendant will determine the proper tax withholding amounts on the W-2 payments in accordance with each Plaintiff's previously elected wage withholding instructions, and Defendant is responsible for payment of the employer's share of payroll taxes as required by law. Defendant will issue to Plaintiffs IRS Forms W-2 with respect to the Individual Payments that the District Court approves.

20. **Plaintiffs' Counsel's Attorneys' Fees and Expenses**: Fifteen Thousand Five Hundred Nine Dollars ($15,509.00) of the Total Settlement Amount will be paid to Plaintiffs' Counsel for attorneys' fees and expenses incurred in the Action. Defendant will issue to Plaintiffs' Counsel a Form 1099-Misc. with respect to the attorneys' fees and expenses.

## RELEASE OF CLAIMS

21. **Released Claims:** Plaintiffs will release Defendant from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses pursuant to the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), for the Released Period.

22. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses that will be paid to Plaintiffs' counsel, unless there is a breach of this Agreement or a need to file a motion or other documents to enforce the Settlement. In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action, unless there is a breach of this Agreement.

23. The entry of final judgment in the Action shall release all claims set forth in this entire Section of the Settlement.

## APPROVAL AND DISMISSAL OF THE ACTION

24. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

25. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the District Court.

26. **Joint Motion for Approval of Settlement:** The Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit 3 to the Parties' Joint Motion

For Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

27. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

28. **Distribution Process:** Defendant will mail the Individual Payments and the attorneys' fees and expenses to Plaintiffs' Counsel's office within fourteen (14) days after the Court enters an order approving this Settlement and dismissing the Action with prejudice. Defendant will issue separate checks to each Plaintiff and Plaintiffs' Counsel.

## PARTIES' AUTHORITY

29. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

30. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

31. The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

32. Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant.

## CONSTRUCTION

33. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

34. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the District Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

35. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action.

## BINDING ON ASSIGNS

36. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

37. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

38. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

39. The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: _____         PAMELA ILLINIK

_____
Representative Plaintiff, Individually
and on Behalf of all Plaintiffs

Dated: _____  SELECTIVE NURSING, LLC

By:_____

Its:_____

Dated: _____  LORI M. GRIFFIN
THE LAZZARO LAW FIRM, LLC

By:_____
Attorney for Plaintiffs

Dated: _____  JOSHUA FUCHS
THE FUCHS FIRM LLP

By:_____
Attorney for Defendant

**Appendix 1**

| Name | Individual Payment |
|---|---:|
| Debra Johnson | $125.00 |
| Jennifer Dawson | $363.30 |
| Laronda Clayborne | $125.00 |
| Latonia Gudger | $125.00 |
| Pamela Illinik | $14,850.76 |
| Tanara Fuller | $3,776.94 |
| Teresa Williams | $125.00 |