UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PAMELA ILLINIK, on behalf of herself and all others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. 3:19-cv-93 |
| v. | : : | Judge Thomas M. Rose |
| SELECTIVE NURSING, LLC, | : : | |
| Defendant. | : : | |

ENTRY AND ORDER DENYING, WITHOUT PREJUDICE, THE "JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE" (DOC. 30)

This matter is before the Court on the parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice (Doc. 30) (the "Joint Motion"). This case is a collective action with claims for alleged unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03 ("OMFWSA"). (*See* Docs. 1, 30.) Plaintiff alleges that Defendant violated the overtime provisions of the FLSA and OMFWSA by not paying Plaintiff and other similarly situated employees overtime compensation at the appropriate rate. (*Id.*) The Notice Period has closed, and a total of seven individuals, including the named Plaintiff, filed written consent forms to join the lawsuit. (*See* Doc. 3; Doc. 22; Doc. 23; Doc. 24; Doc. 25; Doc. 27; Doc. 28; Doc. 30 at PAGEID # 172; Doc. 31-1 at PAGEID # 180.)

In the Joint Motion, the parties request that the Court: (1) approve their proposed Joint Stipulation of Settlement and Release (the "Settlement Agreement") (Doc. 30-1) and find that it is

1

a fair and reasonable settlement of a bona fide dispute over the provisions of the FLSA; (2) dismiss the claims of the named Plaintiff and of the Opt-In Plaintiffs and dismiss this action with prejudice; and (3) retain jurisdiction to enforce the parties' settlement. (Doc. 30.) For the reason discussed below, the Court **DENIES, WITHOUT PREJUDICE**, the Joint Motion and invites the parties to file another joint motion, if they choose to do so, that addresses the Court's critiques and concerns expressed in this Order.

## I. APPLICABLE LAW

"The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. CV 06-299-JBC, 2008 U.S. Dist. LEXIS 90070, at *11, 2008 WL 4724499 (E.D. Ky. Oct. 23, 2008) (quoting 29 U.S.C. § 202). "Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Id*.

Congress made the FLSA's provisions mandatory and, except in two narrow circumstances, they are generally not subject to bargaining, waiver, or modification by contract or settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *12. The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Food Stores*, 679 F.2d at 1353. The second exception is that "a stipulated judgment [may be] entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over

FLSA provisions." *Id.* at 1355. Thus, in reviewing a settlement proposed by the parties in a suit brought by employees under the FLSA, a district court must determine whether the settlement represents a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores*, 679 F.2d at 1355.

First, a district court must determine whether there is a bona fide dispute. "A bona fide dispute exists when there are legitimate questions about the existence and extent of [the] [d]efendant's FLSA liability." *Selk v. Pioneers Mem. Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (internal quotation marks omitted); *see also Lynn's Food Stores*, 679 F.2d at 1354 (there must be "issues, such as FLSA coverage or computation of back wages, that are actually in dispute"). Thus, there must be some doubt that the plaintiff-employee(s) would succeed on the merits through litigation of the FLSA claims. *Selk*, 159 F. Supp. 3d at 1172. This inquiry seeks to avoid a situation where parties negotiate around the FLSA's requirements concerning wages and overtime or otherwise manipulate the settlement process to permit the employer to circumvent its obligations under the FLSA. *Id.*; *Zego v. Meridian-Henderson*, 2016 U.S. Dist. LEXIS 113048, at *2-3, 2016 WL 4449648 (S.D. Ohio Aug. 24, 2016) (internal quotation marks omitted).

Second, "[a]fter a district court is satisfied that a bona fide dispute exists, it must then determine whether the settlement is fair and reasonable." *Selk*, 159 F. Supp. 3d at 1172; *see also Lynn's Food Stores*, 679 F.2d at 1353 (before providing approval, a court must "scrutiniz[e] the settlement for fairness"). In making this determination, district courts usually consider various factors in a totality of the circumstances approach. *Selk*, 159 F. Supp. 3d at 1173; *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *13-14. The following factors typically "should be considered when

3

determining whether a settlement is fair and reasonable under the FLSA: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion." *Selk*, 159 F. Supp. 3d at 1173. Another relevant factor may be the "complexity, expense, and likely duration of the litigation," but all factors should be considered in light of FLSA provisions concerning the scope of an award in the event that the employer violated the FLSA. *Crawford*, 2008 U.S. Dist. LEXIS 90070, at *13-14; 29 U.S.C. § 216(b) (an employer who violates certain FLSA provisions—including those regarding minimum wage and maximum hours—shall be liable for not only the amount of unpaid wages/compensation, but also additional liquidated damages, a reasonable attorney's fee, and costs of the action). If, after considering these factors, the court "determines that the settlement reflects a reasonable compromise over issues that are actually in dispute, then the court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1173-74 (internal quotation marks omitted). Finally, "[w]here a settlement agreement proposes an award of attorney's fees, such fees must be reasonable." *Jones v. Home Care Assistance of Cent. Ohio, LLC*, No. 2:18-cv-01342, 2019 U.S. Dist. LEXIS 213145, at *2-3 (S.D. Ohio Dec. 9, 2019); *see also* 29 U.S.C. § 216(b).

   II.   **ANALYSIS**

First, the Court finds that this case reflects a bona fide dispute between the parties over potential liability under the FLSA, including whether Plaintiff and the Opt-In Plaintiffs were entitled to their claimed overtime compensation under the FLSA and/or OMFWSA, whether a

two-year or three-year statute of limitation applies, and whether Defendant acted in good faith in failing to pay the alleged overtime compensation (*See, e.g.,* Doc. 1; Doc. 13; Doc. 30-1 at PAGEID # 175.)

Additionally, the proposed Settlement Agreement expressly covers Plaintiff and the Opt-In Plaintiffs, not other employees who did not opt-in to this action (*see* Doc. 30-1 at PAGEID # 174). *See* 29 U.S.C. § 216(b); *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003) ("[e]ven if the § 216(b) plaintiff can demonstrate that there are other plaintiffs 'similarly situated' to him … he has no right to represent them," and "[u]ntil such consent is given, no person will be bound by or may benefit from judgment"); *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981).

However, at this time, based upon what has been submitted to the Court, the Court cannot find the parties' settlement to be fair and reasonable under the FLSA.  Specifically, the Court is unable to make the determination of whether the attorneys' fees and expenses set forth in the proposed Settlement Agreement are "reasonable."  29 U.S.C. § 216(b) (in addition to any judgment awarded to a plaintiff employee, the FLSA directs the Court to "allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action"); *Jones*, 2019 U.S. Dist. LEXIS 213145, at *2-3 ("Where a settlement agreement proposes an award of attorney's fees, such fees must be reasonable").

Plaintiffs' counsel submitted a declaration that demonstrates, among other things, that she and her firm are experienced in representing plaintiffs in employment-related matters and cases that involved claims similar to those in this case, that the parties have engaged in a substantial investigation of Plaintiffs' claims and engaged in formal and informal discovery that resulted in a

5

...

comprehensive exchange of information (including the calculation of Plaintiff's and the Opt-In Party Plaintiffs' overtime damages), and that the parties engaged in extensive settlement negotiations. (Doc. 30-2.) Plaintiffs' counsel also states in her declaration that the "fee award is reasonable in light of the benefit achieved for Plaintiffs and is less than Plaintiffs' Counsel's lodestar amount" and that "[a]ll of the expenses were incurred during the course of the litigation of this action for the purpose of preserving, proving, and presenting the claims of Plaintiffs, including issuance and administration of the Notice." (*Id.*) Attachments to the Joint Motion identify the amount, out of the total settlement amount, that "will be paid to Plaintiffs' Counsel for attorneys' fees and expenses incurred in the Action." (Doc. 30-1 at PAGEID # 176.)

Yet, neither the parties nor Plaintiffs' counsel have provided the Court with, for example, documentation of the fees, an indication of whether the case was handled on a contingency fee basis, a sworn statement attesting to the number of hours spent litigating the matter or otherwise supporting the fees, cited legal authority to support the assertion that such fees are reasonable, etc. *See, e.g., Jones*, 2019 U.S. Dist. LEXIS 213145, at *3-5 (finding the fees and costs to be reasonable based on details provided by plaintiff's counsel concerning hours worked, hourly rate, and that the case was taken on a contingency basis, despite the fact that the attorneys received more from the settlement agreement than the plaintiff); *Bates v. Scotts Co., LLC*, No. 3:17-cv-408, 2018 U.S. Dist. LEXIS 163065, at *6-8 (E.D. Tenn. Sept. 7, 2018) (finding the fee request to be reasonable, where plaintiffs explained that the case was handled on a contingency fee, that the settlement agreement provides for an attorney's fee award of approximately one-third the settlement amount, and that counsel spent approximately forty hours litigating the matter), *report and recommendation adopted by* 2018 U.S. Dist. LEXIS 162558, 2018 WL 4568601 (E.D. Tenn. Sept. 24, 2018); *see*

*also Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792, 2019 WL 4574509 (Sept. 20, 2019) (denying joint motion for approval of FLSA settlement in context of a "common-fund, one-step unpaid overtime collective action settlement" where the court found that 33% is typical for attorney's fees in common-fund FLSA collective actions in this District and that an award of attorney's fees of 40% of the common fund was unreasonable under the circumstances, and distinguishing cases where a court had granted attorney's fees of 40%).

Here, the concern is not whether the settlement should include payment for an attorney's fee; it is whether the attorney's fees and expenses set forth in the proposed Settlement Agreement are "reasonable." The Court is unable to make that determination based on what the parties and their counsel have submitted to date.[1] Therefore, for the reasons stated above, the parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice (Doc. 30) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, October 7, 2020.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] *See, e.g., Bassman v. Teverbaugh Equip.*, *Inc.*, No. 3:20-cv-109 (S.D. Ohio) (Doc. 10 (order denying, without prejudice, joint motion for approval of settlement agreement), Doc. 11 (renewed joint motion), Doc. 11-4 (declaration setting forth information concerning fees), and Doc. 12 (order granting renewed joint motion)); *Oliver v. RELX Inc. d/b/a Lexis Nexis*, No. 3:18-cv-127 (S.D. Ohio) (Doc. 38 (joint motion), Doc. 38-2 (declaration setting forth information concerning fees, including details regarding hourly rates, hours worked, and amount of expenses), and Doc. 39 (order granting joint motion)).